## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBERT HARRISON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **FAMILY MEDICINE ASSOCIATES** | § | _____ |
| **OF TEXAS, P.A.,** | § | |
| **AND MARY NEAL,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.

## INTRODUCTION

Plaintiff files this Original Complaint against Defendants Family Medicine Associates of Texas, P.A. and Mary Neal (collectively "Defendants") and respectfully shows as follows.

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Denton County, Texas.

2.      Defendant Family Medicine Associates of Texas, P.A. (Family Medicine) is a professional association organized under the laws of the state of Texas with its principal place of business located at 4333 North Josey Lane, No. 302, Carrollton, Texas 75010.  Family Medicine may be served with process, including citation and a copy of this lawsuit, by serving Family Medicine's registered agent for service of process, Dr. Joey L. Hamilton at 4333 North Josey Lane, Suite 302, Carrollton, Texas 75010, **or** wherever Family Medicine may be found.

3.      Defendant Mary Neal ("Neal") is an individual who works for Family Medicine and whom Plaintiff believes resides in Collin County, Texas.  Neal may be served with process, including with citation and a copy of this lawsuit, by serving her personally at what Plaintiff believes to be her residence residence (3405 Brookshire, Plano, Texas 75075), or wherever she may be found.

## III.

## JURISDICTION

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

## IV.

## VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Denton County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

6.      Denton County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

## V.

## BACKGROUND FACTS

7.      Plaintiff worked for Defendant from February 5, 2014, until January 29, 2016.

8.      Plaintiff is a fifty-four-year-old homosexual male.

9.      Plaintiff most recently worked as a Radiology Nurse, among other things, and was often assigned to work in a pod with some coworkers who harassed Plaintiff about his failure to conform to gender stereotypes.

10.      For example, Plaintiff was frequently referred to as a "Mitch" (a male bitch) and repeatedly questioned about my sexual orientation.

11.      Plaintiff complained about this treatment and requested a transfer to his supervisors at the time – Opal Esquer, Amy Vaughn, and Rena Brasher.

12.      Nothing was done to stop the harassment or to transfer Plaintiff away from it, but he nevertheless always completed his duties as assigned.

13.      On or around January 28, 2016, Human Resources Director Mary Neal asked Plaintiff to submit his complaints in writing, making no mention of his employment being in jeopardy.

14.      In fact, there had been no mention whatsoever that Plaintiff's employment may be in jeopardy.

15.      Plaintiff provided Neal with a written statement alleging that he had been discriminated against and harassed and even provided her with a copy of a napkin left of his workstation with the word "Mitch" written on it.

16.     Neal terminated Plaintiff's employment less than 24 hours later, and when pressed, Neal claimed that Plaintiff was being terminated for insubordination for failing to work as assigned (which is untrue).

17.     Plaintiff was actually terminated for complaining about discrimination and harassment.

18.     Following his termination, Family Medicine had an attorney send Plaintiff a threatening letter forbidding him from entering Family Medicine's premises and accusing him of already having done so – which is absolutely false.

19.     The letter also indicated that Family Medicine had reported Plaintiff to unspecified law enforcement authorities.

20.     Upon information and belief, Family Medicine has also misrepresented the reason Plaintiff was terminated to First National Bank with the expected and/or known result that Plaintiff was denied payment protection program insurance during his period of unemployment. Family Medicine and/or Neal have claimed that Plaintiff was terminated for misconduct when in fact he was terminated for complaining about unlawful discrimination and harassment.

21.     In addition, individually and on behalf of Family Medicine, made a knowingly false report to the Carrollton Police Department regarding Plaintiff trespassing on or near Family Medicine's premises on or around February 18, 2016.

## VI.

## CONDITIONS PRECEDENT

22.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission.

23.     The Charge was filed within 180 days after Plaintiff was terminated.

24.     The EEOC issued Plaintiff a right to sue letter on October 27, 2016.

25.     Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.     First Cause of Action—Sex Discrimination—Hostile Work Environment—Title VII**

26.     Plaintiff incorporates each of the foregoing paragraphs.

27.     Family Medicine discriminated against Plaintiff because of Plaintiff's failure to conform to gender stereotypes as a homosexual male, and subjected Plaintiff to a hostile work environment on that basis.

28.     Family Medicine's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

29.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**B.     Second Cause of Action—Wrongful Termination—Sex Discrimination—Title VII**

30.     Plaintiff incorporates each of the foregoing paragraphs.

31.     Defendant terminated Plaintiff's employment because of Plaintiff's sex-gender and failure to conform with gender stereotypes..

32.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**C.     Third Cause of Action—Unlawful Retaliation—Title VII**

33.     Plaintiff incorporates each of the foregoing paragraphs.

34.     Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

35.     In response, Defendants retaliated against Plaintiff, including terminating Plaintiff's employment, misrepresenting the reason for his termination to First National Bank, and making a false police report to the Carrollton Police Department.

36.     Defendant's actions violated 42 U.S.C. § 2000e-3(a).

**D.     Fourth Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—TCHRA[1]**

37.     Plaintiff incorporates each of the foregoing paragraphs.

38.     Family Medicine discriminated against Plaintiff because of Plaintiff's failure to conform to gender stereotypes as a homosexual male, and subjected Plaintiff to a hostile work environment on that basis.

39.     Family Medicine's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

40.     Family Medicine's actions violated section 21.051 of the Texas Labor Code.

**E.     Fifth Cause of Action—Sex Discrimination—TCHRA**

41.     Plaintiff incorporates each of the foregoing paragraphs.

42.     Family Medicine discriminated against Plaintiff because of Plaintiff's sex and/or failure to conform with gender stereotypes.

43.     Family Medicine's actions violated section 21.051 of the Texas Labor Code.

**F.     Sixth Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA**

44.     Plaintiff incorporates each of the foregoing paragraphs.

---

[1] Texas Commission on Human Rights Act.

45.     Family Medicine discriminated against Plaintiff because of Plaintiff's failure to conform to gender stereotypes, and terminated Plaintiff's employment because he failed to conform to gender stereotypes.

46.     Family Medicine's actions violated section 21.051 of the Texas Labor Code.

**G.      Seventh Cause of Action—Unlawful Retaliation—TCHRA**

47.     Plaintiff incorporates each of the foregoing paragraphs.

48.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

49.     In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

50.     Defendant's actions violated section 21.055 of the Texas Labor Code.

**H.      Eighth Cause of Action—Slander/Defamation—Texas Common Law—Neal**

51.     Neal knowingly published a statement of fact.

52.     The statement referred to Plaintiff.

53.     The statement was defamatory and false.

54.     Neal acted with actual malice and/or was negligent to the truth of the statement.

55.     Plaintiff suffered pecuniary injury as a result.

## VIII.

## <u>DAMAGES</u>

56.     Plaintiff incorporates each of the foregoing paragraphs.

57.     Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

58.     Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

59.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

60.     Plaintiff seeks all damages available under federal law.

61.     Defendants' actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

62.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendants punitive damages.

63.     Plaintiff seeks all damages available under the TCHRA.

## IX.

## ATTORNEYS' FEES AND COSTS

64.     Plaintiff incorporates each of the foregoing paragraphs.

65.     Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

66.     Pursuant to [42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

67.     In addition, pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

68.     Plaintiff incorporates each of the foregoing paragraphs.

69.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

      a.      Prohibiting Defendants from engaging in unlawful discrimination;

      b.      Reinstating Plaintiff's employment with Defendants with backpay;

      c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.      Paying court costs;

      e.      A declaration that Defendants violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.      Any additional equitable relief as the Court deems proper.

## XI.

## JOINT AND SEVERAL LIABILITY

70.     Plaintiff incorporates each of the foregoing paragraphs.

71.     Defendants act as agents for each other.

72.     Defendants are therefore jointly and severally liable for Plaintiffs' injuries and damages.

## XII.

## RESPONDEAT SUPERIOR

73.     Plaintiff incorporates each of the foregoing paragraphs.

74.     Defendants are liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XIII.

## JURY DEMAND

75.     Plaintiff demands a trial by jury.

## XIV.

## CONCLUSION AND PRAYER

76.     Plaintiff respectfully requests that Defendants be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Injunctive and declaratory relief, including but not limited to, an
       Order:

a.     Prohibiting Defendant from engaging in unlawful
       discrimination;

b.     Reinstating Plaintiff's employment with Defendant with
       backpay;

c.     Reporting to the Court on the manner of compliance with
       the terms of a final order issued by this Court;

d.     Paying court costs;

e.     A declaration that Defendant violated Plaintiff's rights
       under state and federal law, engaged in unlawful
       employment discrimination, and considered an illegal
       factor in terminating Plaintiff's employment; and

f.     Any additional equitable relief the Court deems proper;

E.     Courts costs;

F.     Pre-judgment and post-judgment interest at the rate set by law; and

G.     All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas  75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**